Mr. Kelly, good to see you. May it please the court, Ada Flager on behalf of Mark Hebert, I'd like to reserve five minutes for rebuttal. The prosecution in this case was intentionally and unabashedly structured to secure a murder sentence without the requirement of a murder conviction. The government candidly admits to selecting the primary crime charge, bank fraud, merely as a jurisdictional hook, describing the question of whether or not Mr. Hebert committed murder to be the primary issue in the case. The government didn't charge Mr. Hebert with murder. Instead, the government drafted a single sentence into the preamble of the bank fraud counts of the indictment, suggesting murder. That one sentence, which was irrelevant to the elements of bank fraud and was expressly excluded by the parties from Mr. Hebert's conviction, alone overrode everything else in the case and alone dictated the sentence imposed. The district court sentenced Mr. Hebert to 92 years, a life sentence which neither the district court nor the government suggest would have been appropriate absent the uncharged murder. Mr. Hebert raised four issues on appeal, all of them related to the constitutionality and legality of this practice. I'll begin with what was claimed, too, in Mr. Hebert's brief, whether or not the guidelines permit a cross-reference from bank fraud to murder. Procedurally, though, he gets charged with 70 counts originally. Yes. So he then negotiates a plea that knocks out a ton. It does. And the death, results in death, wasn't just in the bank fraud counts. It was in the obstruction counts, too, in a different characterization, correct? I believe that's correct, Your Honor. So, what we've got here is an indictment that does, a speaking indictment, no motion to strike anything as surplusage. You probably wouldn't be able to anyway because it's relevant conduct. It's describing in their theory of why he engaged in the larger set of fraud. Yeah, I think— So let's say you went to trial. That evidence is coming in with a 404B instruction, and then it becomes relevant conduct, and Professor Sokolow just walked out, argued the case, you probably know, Witt, where that 8-1 Supreme Court says that relevant conduct can drive sentencing. Yeah, I think there are a couple of issues to pull out of that. The first being that we are at sentencing, and there was a guilty plea in this case, and on the cross-reference issue, the cross-reference in 2B1.1C3, by its own language, only permits a cross-reference where the conduct set forth in the count of conviction establishes all the elements of another offense. Yeah. So to your first question about whether or not the homicide allegation was also in other counts that Mr. Avere was not convicted of— But the count of conviction, he pleads straight to the bank fraud. It describes in paragraph J the murder. It— It describes it pretty clearly, I think, than when you get to rearrangement. Everybody says, Your Honor, we understand you will be deciding this at sentencing at a preponderance level. Yes, they do agree on that. The parties agree at Mr. Avere's rearrangement that Mr. Avere is pleading guilty to the factual basis that the prosecution submits. They outline that factual basis orally at the rearrangement, as well as submitting it in writing. And in the written factual basis, which the government drafted, it says that the parties agree that the facts constituting the offenses to which the defendant is pleading guilty are as follows. Yeah. So Mr. Avere's conviction was limited to the things that were in the factual basis. And the cross-reference— And in the guidelines at sentencing to a preponderance, if death results, boom, it goes up. How is this any different? Those would be sentencing enhancements, which would apply with a different standard. The cross-reference in C-3 is quite limited and intentionally limited by the guidelines to things that are set out in the count of convictions. So not to relevant conduct, which would be enhancing what Mr. Avere was convicted of. It's in fact supplanting a different crime and permitting the guidelines to be calculated exclusively on that different crime. The guidelines are structured differently and require that what Mr. Avere was convicted of, the count of conviction, lay out all of the elements of the crime that he is being sentenced for. And as to the third part of your question, whether or not that clause, Clause J, the sentence in the preamble to the bank fraud count, whether that is within the count of conviction, in addition to the fact that the parties explicitly excluded it from the count of conviction, and in fact the judge in her colloquy at rearrangement notes that Mr. Avere is not pleading guilty to this, the government nevertheless believes that it can be resurrected at sentencing as being part of the count of conviction. I think that it's important to recognize that the government introduces no limiting principle to this. Anything that is written into the charge that they have in the indictment is permitted to be the sole basis at sentencing of someone's sentence. But you move, then you strike it as surplus as you say, Judge, under 404 and 403, this shouldn't come in, shouldn't even be in the count of conviction. This is a burglary offense. You're going to let the government sentence me for murder. Certainly had this case gone to trial, there would have been a big fight about whether or not this was 404B. I think I would submit to court that it likely would be excluded as 404B and likely would be struck from the indictment. Here, the conviction is what the parties have agreed to. And in the factual basis, again, they clearly state that this is the conviction that we are agreeing to. And absent that limit in the cross-reference to only the count of conviction, the government could put any sentence that it wants to into a bank fraud count, saying that it is adjacent to part of the bank fraud. Even if that sentence, as this sentence here, is irrelevant and unnecessary to the elements of bank fraud, the government could have pled bank fraud without this sentence. And in fact, this sentence actually doesn't go to any of the elements of bank fraud. So the argument that the government is making is that it alone can draft an indictment to a part of the conviction, alone dictate the sentence at sentencing. Okay. Yeah. I mean, there are going to be interesting questions to the government about what they can do, but you get a big speaking indictment with lots of extraneous stuff. And when he was 12, he raped somebody. But it has no background relevance to his intent and opportunity for the crime charged. Defense counsel will immediately move to strike that and it will get stricken. It will not be conduct described in the count of conviction. But here, I think the theory of the government's whole case was what allowed him to defraud the guy of all his financial accounts was his effort to kill the guy so he could never complain and report it. So it's integral, they would say. So to prevent the abuse, the hypothetical abuse, you've got to put the government to the test of a trial. You've got to move to strike it. You can't negotiate a plea that says we will let you decide this at sentencing to a preponderance. To that last point, I think that the government, for the first time on appeal, sort of floats the idea that Mr. Hebert has arguably waived that issue. I mean, first, the waiver of his Sixth Amendment rights would have needed to be knowing, voluntary, and intelligent. And a review of the rearrangement transcript of the factual basis and of the plea agreement demonstrates that what was in Mr. Hebert's mind was that he was not pleading guilty to that murder and that it was not part of his conviction. So to say otherwise and to say that Mr. Hebert and his attorney were agreeing that this should happen rather than resigning themselves to the fact that— What's the Sixth Amendment right, just to be proven guilty beyond a reasonable doubt of every element? Yes, it's the Sixth Amendment right as articulated in Apprendi that any element of the offense must be proven to a jury and found beyond a reasonable doubt. You're arguing that it's part of Apprendi? The Sixth Amendment right? Yeah. Is it— I'm not necessarily following your Apprendi linkage to what you say the Sixth Amendment violation would be. Perhaps inartfully worded. The claims that we raise on appeal are—the main claims are twofold. Claim two, regarding whether or not the guidelines permit this cross-reference, and claim three, whether or not, as applied, the logic in Apprendi and the constitutional violation described in Apprendi, which is a violation of the Sixth Amendment right to a jury trial and to be found guilty beyond a reasonable doubt, is found here as applied. What's your best case on point one, the guidelines constriction that you argue? The guidelines do not permit this cross-reference for two reasons. I mean, I got your argument. I was saying, what's your best case you're anchoring the argument to? Now, I clearly understand, you know, the argument in briefing, the argument in making, kind of narrowing. What's your best case or cases that you're sort of anchoring that argument to? Well, neither the government nor we have been able to find a case, or the government has not cited a case. The 28J, the Hernandez decision, seems to be their counter-argument. The Hernandez case cross-reference, as were the cross-references in each of the other cases, were based on conduct that was in the indictment, which was found as a whole by the jury, or was pleaded guilty to by the defendant, without this situation, where the parties agree that the conviction is narrower than the indictment. All right. How about let's come back to my question, which was, what is the best case you're anchoring the argument to? If your answer is there is none, I mean, that's an appropriate answer. I want to get that down before I get to what else other cases are. I mean, I understand the argument. I'm just saying, is there a case you're arguing by analogy or whatever, vis-à-vis, or in some other context where the guidelines provision has been held to be so limited in the context? That's all I'm asking. It's not a trick question. I just want to make sure I don't miss something. For example, the Baugh case that we cite in our brief, as does the government in their brief, and the other cases cited around that, which all describe the count of conviction language in the cross-reference in C-3, is quite limited, and only applies if all of the elements of that other offense are established on the face of the count of conviction. That's opposed to Booker case? Yes. Did the sentencing, did the judge, there'd be three ways to get to a high sentence. One would be the cross-reference. Another would be a departure, which the government asked for and she didn't give. Judge Malazzo didn't give. The third would be 3553 variance. She said yes. So that's an alternate basis that has none of the cross-reference complexity. Yes? It's... Do you want to address that? Yes. Thank you, Your Honor. First, the judge did sentence under the cross-reference and then made a passing remark that she would have given the same sentence as an upward variance. The first part of that argument is that the Supreme Court, and indeed this Court, have required that any judge consider the sentencing guidelines before imposing a sentence. And because the guidelines were not correctly calculated here, she could not do that. The second part of that is... But if a sentencing judge at the end says, and I would have gotten here anyway, that actually isn't undermined by a sentencing error, unless you want to tell me a case that says that now. The second part of the error there in using the variance is that that then means that the judge in this case would be varying upward from a six- or seven-year sentence to a life sentence for bank fraud. And the Supreme Court cases which allow a presumption of reasonableness for the guidelines, and in fact in Pew, suggest that there are larger departures from the guidelines might require larger justifications, the entire sentence and the reasonableness of the entire sentence would then hang exclusively on a fact that was not found by a jury, that Mr. Aver was not charged with, which was that murder. And that would be exceedingly problematic under Sixth Amendment jurisprudence, to have the entire sentence be motivated and the reasonableness of it hang entirely on a judge-found fact that in fact the defendant adamantly disagrees with. I see that my time has expired. I'll reserve the remainder for rebuttal. No, you've got... You're still good for 20 seconds if you want to use... Are there further questions? Well, I mean, the logic of the... I'll never miss a second if there is one. If the logic of a reasonableness would... This is a police officer who pulls people over for DUIs and then kills them to take their money. So you could see that being a variance that would get you way up to a life sentence, even from an underlying fraud that could be six years instead. Again, I think that isolates exactly the issue, because in making that argument, that argument is about whether or not Mr. Hebert committed murder. And so the reasonableness of the sentence hangs entirely on that fact. It hangs entirely on whether or not this is a police officer who has killed someone. And so that's where it gets into quite tricky constitutional territory, because instead of having found someone who's been found guilty of that crime and sentenced based on that crime, this is a person who's not been convicted of that conviction, his guilty plea. And then to have that resurrected as the sole basis of his conviction is tremendously problematic. All right. Thank you. Your rebuttal time is intact. All right. From the government, Mr. Schenker. Thank you. May it please the Court, V.J. Schenker for the United States. Your Honors, the defendant does not refute that the Supreme Court and this Court have consistently and repeatedly held that a sentencing court may, consistent with the Constitution, select a sentence within the applicable statutory range based on facts found by that court by a preponderance of the evidence. And the district court here, in fact, found the facts by the clear and convincing standard, the higher clear and convincing standard. At your invitation. Well, that's right, Your Honor. But the district court, we submitted that we had proved the facts beyond a preponderance of the evidence, and the court agreed with us and said that I . . . No, but the government very carefully here said, Judge, don't worry. We take these situations very carefully. I think the government said, we're uncomfortable with preponderance in these fraud cases where there's a no-body murder. And so the government very carefully said, we don't even like being able to get these at a preponderance, so please make a clear and convincing finding or even a beyond a reasonable doubt. So when I saw the government saying that, it's telling to me that she didn't say, I found this beyond a reasonable doubt. Well, Your Honor, I actually . . . if you look at the transcript, the court did allude to the fact that it could find no doubt to which it could assign reason in finding that is in the findings of fact following the evidentiary hearing. So I would submit that it could be argued that the court actually found by beyond a reasonable doubt found the murder, but it did explicitly say that it was finding it by clear and convincing evidence. I don't think . . . it's not just that I don't think. It's fact that no court has ever said that sentencing facts have to be found beyond a reasonable doubt. The only court that has gone beyond a preponderance standard has required only clear and convincing evidence. Well, I'm sure there's been discussion in the department because here the attorney is saying we've always gone into court and proved this well beyond preponderance. Courts have theorized someday you may have to use that meaning beyond a reasonable doubt. So the government . . . is it the government when you've got these fraud cases where you're going to end up asking for a murder sentence? Your Honor, I think the assistant United States attorney or actually it was a trial lawyer from Maine Justice there was simply being cautious. The department . . . I can't speak to any discussion within the department about the need for a higher standard. I know that we have filed multiple cert opposition briefs in which we have reiterated our position and cited the cases clearly stating, including Supreme Court cases, that a court can find sentencing facts by a preponderance standard. And this court has made clear that that standard applies even where, as here, a sentencing fact is a significant, if not highly significant, part of the sentence. But when you say highly significant, you look at the PSR and it's a thin evidentiary . . . what's the PSR proof that he murdered the individual? Well, the . . . It's not much. In fact, it's only a paragraph and the next paragraph says, and when we interviewed him he denied it. So then that PSR fact comes in and then I think the government's position was to Judge Malazzo and we can prove that fact now, not just to a preponderance, but with hearsay, right? Because Crawford doesn't apply it sentencing. So this is becoming, you do put in the stray sentence about, oh, Ann killed. PSR says, yeah, we believe the government might have that proof. Then at sentencing you get there, you only have to prove that Ann killed to a preponderance and you can use hearsay. The agent can say, yeah, I believed it happened. I believe he did it. That would be . . . is the government's position and then that would allow . . . Well, Your Honor, the PSR here on which the district court relied was a later draft of the PSR that was actually issued after the district court's evidentiary hearing, four-day evidentiary hearing, and after the district court's findings of fact stating that it found by clear and convincing evidence that the murder was committed here. The PSR was issued after the sentencing? There were multiple PSRs, multiple drafts, I think four. And so there was two drafts before, I think, or maybe three, then the evidentiary hearing, the findings of fact, and then the fourth draft PSR referred to the district court's own findings, written findings, following the evidentiary hearing at which the district court said, I find by clear and convincing evidence. Could hearsay work in the government's theory? Could you put an agent on and the court just says, I credit the agent who says he did it? If a district court has sufficient evidence at an evidentiary hearing, a sentencing hearing . . . But it could be hearsay? Well, Your Honor, the Supreme Court, as you cited the case, the Witt case, has made clear that trial-based protections do not apply at sentencing. Wasn't it amusing? Socolow was the lawyer for that. I wish he hadn't walked out the door. Yes, Your Honor. And so that is well-settled law. And the defendant doesn't refute that law. Now, I think Your Honors and Mr. Hebert were getting at limiting principles here, and I think it's important to realize and recognize that this wasn't, and I think Judge Higginson, you referred to the example of an indictment referring to a rape that the defendant committed 15 years earlier or something like that. That's not what we have here, and I don't have any reason to believe that that's what the government is in the practice of doing. What we have here is a murder committed as part of the fraudulent conduct, specifically to enable the fraudulent conduct to continue undetected, and that is a part of the fraudulent scheme. And that's what the indictment alleged. That's what the district court found. And so the cases are clear that a district court can find those facts by a preponderance of the evidence, certainly by a clear and convincing standard in imposing the sentence. You start to say there are limiting principles. I think I'd love to hear what the limiting principle is. What are they exactly? Well, that is the limiting principle, Your Honor. The conduct has to be related to the crime that the defendant is on trial for. We can't, and I don't think the government has ever tried to refer to some unrelated offense. But then it's the burden of the defendant to know all this law, which of course they have to know, and move to strike it. The only way to protect yourself is to get it out of any sort of 30-page indictment. They'd have to strike it, because if it stays in there— I'm not sure what the basis to strike it would be if, as I'm arguing, the conduct is in fact part of the fraud scheme. But even if—I mean, what I was hearing when Judge Higginson said, well, there wasn't any motion to strike this stuff from the indictment. So then I'm hearing an ineffective assistance claim. Your Honor, I don't think that would support an ineffective assistance claim. When, again— Well, that's the question I'm asking, because then that's what comes back. And it seems to me that even if—let's say that the defendant's counsel had made a motion to strike it, okay? So it comes out of the indictment. Does it still come in as a part of the proof of the PSR sentencing? I mean, what effect does striking it from the indictment have on the proof that's brought forward at sentencing? Your Honor, that's a difficult question. I haven't seen cases on that. It's a great question. It is a great question. The purpose of the count of conviction language, as the Eighth Circuit said in Almeda, is basically to provide notice to the defendant so that the district court can't rely on trial transcript testimony to establish the conduct, which it later relies on to enhance the sentence. That's the purpose of the count of conviction language. And so if the language is initially in an indictment such that the defendant is now on notice, even if the language is subsequently stricken, it's a great question. I confess I don't have the answer to that, Your Honor. Not an indictment, but 404B motion mentions it. Yeah, exactly. What then? Arguably, under the guideline, it is no longer in the count of conviction in the sense that it's no longer in the indictment. I would think so. But with all these, these are tough questions. I guess, why isn't the government pressing more Judge Malazzo's firsthand 3553 variants? Because the cross-reference is difficult. Your Honor, I don't think with respect that the cross-reference is all that difficult. This clearly falls within the plain text of 2B1.1. Yeah, but then you get all the squirreliness at rearrangement where the guy's saying, well, I know it's in there, and I'm not moving to strike it, but I'm just understanding that it might go to sentencing. And then from them, they draw that that's a preserved objection. You squeeze out a waiver. It's messy, I think. But even if it's not. What about variance? Why isn't that? Well, we do argue variance at length in our brief, and we do rely on that. What's your best case for a variance of this amount where the court just says, you know, here are the guidelines down at fraud, but I've seen horrible stuff here, and I've seen it to a convincing level of proof. So I'm going way up here. Wouldn't that survive? And if it would, what's the best case? Well, it is true that a greater degree of a variance requires a greater explanation. But that explanation was provided here. Now, it's important to remember that when we talk about the variance as opposed to the application of the cross-reference, we're not talking about disregarding the murder because the district court has already found that the murder was committed by clear and convincing standards. So we're only talking about whether she gets there by operation of the cross-reference versus by operation of the variance. And so although the variance here was very significant, if the district court is basing it on a murder, which it called heinous and unconscionable, a murder committed by a law enforcement officer against a vulnerable elderly victim, is that variance reasonable? Government would submit that it certainly is. What's your best case for that? Your Honor, I don't have an exact case with a variance of that degree. Did the district court deny the departure request or just never rule on it? I don't believe it ever ruled on it. But it clearly said that it would have imposed the same sentence under a variance. I guess that's why the government's main thrust wasn't the variance. It was with the cross-reference. I'm sorry, Your Honor? I'm assuming that's why the government's pursuit was the cross-reference and not principally  Well, that's probably right, Your Honor. I mean, nobody's still said a case that says that the variance doesn't cover it, notwithstanding that it may be . . . this may be a rarer occurrence. Let's come back to the question about the 404B. I mean, if you went to trial and this is raised as a 404B, then what? There's a hearing about the 404B. Then the trial court balances, weighs it under 103, et cetera, et cetera, in terms of where it comes in. So I'm still trying to appreciate what the qualitative difference is between the notice, the hearing, the whole stringing out of what all this evidence is. I mean, we're not at trial. We're in sentencing. There, we're talking about a jury. Well, Your Honor, it raises a very interesting point because a defendant would essentially be seeking to have it both ways at that point. I don't want it in the indictment. It needs to be struck, the defendant would be saying. And then at trial would be saying, and a district court can't find it by a preponderance of the evidence, so a jury has to find it beyond a reasonable doubt. And then here we are at trial. No, you can't bring this up in front of the jury because it's too prejudicial. That's why these are sentencing facts. This is a fact that makes this defendant's commission of this crime that much more significant. We don't want district courts to be sentencing defendants who just commit bank fraud the same as they do defendants who commit bank fraud and murder their victim. That's why these are sentencing facts and district courts can find them by preponderance of the evidence. I think it would be unfair to require us to try to bring these facts in before a jury and have a defendant probably reasonably argue, I don't want this before the jury. That's prejudicial. And then all of a sudden, now we're in a situation where the district court is precluded from And we don't want that to be the situation that we're in. Well, that's a strong argument. You know, the government might have had to charge a count of murder. I mean, really straight on. If I'm sitting there as the trial judge, I'm going to be hard pressed, no matter what you say, to let it in as 404B because of the prejudicial impact. I mean, it's like off the charts. I mean, there's just no doubt in my mind, even though I think it's probative, but I'm going to just be hard pressed to come up with a limiting instruction for a jury to say, don't take into account the fact that there's a murder, nobody, et cetera. So to me, this 404B deal is way in the hypothetical arena. I agree. You know, just the sort of one who's been there. This just ain't happening. I'm going to say, Mr. Government, you've got to make a decision. Either you charge this person in a superseding indictment with a count of murder and we go forward, or you do bank fraud and you don't have it in there. If that, you can, like, lump it, supersede, you can't have it. I mean, that would be my trial court. I just would never let you get to a 404B on this kind of issue. But we don't have that. We don't have that. We've got a situation in which, you know, it's charged up, it's straight up, and we're in this sentencing, you know, arena where we're not 404B, and we've got either of the partners. I mean, that's the way I'm viewing it. I've decided. I agree, Your Honor. But, I mean, just I don't know how helpful the 404B is. I just don't think you'd get the 404B in. That's me personally, for all the reasons that I said. I agree with you, Your Honor. So I think the defendant would win all day on that one. Right. I agree with you, Your Honor. And I think if the government tried to get this evidence in as 404B, it would be a legitimate fight in the trial court. But the fact is that, and we can talk about theory as long as I've got five more minutes. I'm happy to. But the fact is that this has been done, and this is done. Let's come back to the scope of the evidence you're hearing, because the sequence you've mentioned is kind of interesting. I'm not sure I had keyed in on how many different PSRs there were. There was an initial PSR, and then you said there was, what, the four-day evidentiary hearing. And then was that on motion of the trial judge or motions by the government and defense to redo the PSR? How did that happen? Actually, Your Honor, I'm not sure what prompted the revised PSR. It was a PSR that captured . . . So it now captures the essence of what was deduced at the hearing and the judge's findings and so on and so forth, to which I would assume in the normal sequence, defendant gets the revised PSR with the normal abilities to review it, object to it, et cetera, et cetera. Is that what happened? He did, and he did object. Okay. So we're now dealing with non-objections. Right. And it was only thereafter at the sentencing hearing, which should not be confused with this evidentiary hearing, the subsequent sentencing hearing, at which the district court took on the defendant's objections to the PSR, the application of the cross-reference, the variance, all of those things, rejected all of those arguments, found again that the cross-reference applied and that the murder had been proven by a clear and convincing standard and that it was imposing the sentence both based on the cross-reference and alternatively based on a variance. Let me ask a question. You say the judge suggested that he might say, if he were the trial judge in this situation, well, you can't just bring this in under 404B too much. You've got to either charge him with murder or get off it. What's the charge? I mean, what statute? I'm not used to federal murder. There isn't one. There isn't one. That's the problem. It's a state crime, isn't it? It is a state crime. So you're not going to be able to charge it. We wouldn't be able to charge it. It looked like from the criminal history he actually was charged stateside. Was that just held in abeyance? He was not charged stateside with anything related to this. Nothing related? No. He served time for victimizing other individuals in the same way, not murdering them. Well, that was kind of implicit in my point in saying, I wouldn't let you get to this, extract all this evidence, and then I'm going to do the weigh-in, and then we're going to decide where to come in. When you come and tell me what you're planning on doing, that's when I'm saying, nope, not happening. You know, you've got to do it, to which you don't have the option. With due respect, the government, I can't speak for the Solicitor General's Office at all, and I'm not intending to, but I would suggest that we would have reasonable grounds for appealing that clear law, the guidelines state that we can put this in the count of eviction. Well, I didn't mean in the guidelines context. I was just coming back to the 404B context of where it's pointed out. You really don't have a charge by, say, either charging or it's not, but you're faced with you're not bringing it in as 404B. That was my point. Oh, and I agree with that, Your Honor. I'm taking 404B out of this. This is a sentencing fact. Well, but on that point, you don't want to read too much, right? If he did the same thing with other people, that's 404B. If he murdered this guy to get his money, I bet most trial prosecutors would say this isn't even 404B. This is intrinsic. This is part of the bank fraud scheme to kill the person. So I'm pretty sure this would not even be an option in the government's mind for a district court to say this is 404B. It's not coming in. This is intrinsic, I bet, is what they'd argue. Who knows? That's right, Your Honor, and I hope I'm not being seen as binding the government in any way. I'm just suggesting that the 404B issue is not one that we have pursued in this case or similar cases, and I understand that there would be difficulties. But it's the limiting principle. The defendants have got to be careful because of this cross-reference language that they don't let anything stay in the indictment they don't think should be because if they plead and it's in there, the government then says now it's preponderance and hearsay works. Yes, Your Honor, but I think that's putting it a little backwards, if I may. The limiting principle is not that the defendant should try to get things taken out of the indictment. It's that the government should only be putting things in the indictment if they're related to the conduct. No, but the government puts lots of stuff in indictments. Well, that's true, Your Honor, but my point here is that this is not a sentencing fact. This is not a fact that, again, this defendant raped someone 14 years ago. This was part of this conduct. With your time running out, am I right the guideline is littered with enhancements that say if underlying offense but death results, you go up, and that's pure sentencing. So the larger notion of people being enhanced because of a resulting death is not some remarkable thing. That's right, Your Honor. That's absolutely right, and the same thing can be said for even the loss enhancement. I mean loss enhancements can increase sentences dramatically, and it's well settled that the court can find that by a preponderance of the evidence. If the court has no questions, further questions, we'll rest on our briefs. All right. Thank you, sir. Thank you. Back to you, Ms. Legar. Pleasure. Just to respond to a couple of points. The government argues about the risk of the defendant having it both ways by being able to remove certain things from the indictment and plead only to the things which he believes that he's guilty of. I would submit to the court that this is a far more classic example of the government being able to have it both ways, being able to punish people for crimes without having to charge them for that crime. The government didn't charge Mr. Hebert with murder. They were fully able to charge him. I think in answer to Judge King's question, this would have been under 18 U.S.C., 1512C, which would be killing a witness to prevent them from reporting the crime to law enforcement. And there are other examples of that in the statutes as well. And I think it's also . . . There was a civil rights charge originally in there, wasn't there? There was a misdemeanor civil rights charge that was also brought. It was counted. On that sort of theory. Exactly. The other thing that I think is important to point out is that in order to make . . . If the government had charged Mr. Hebert with murder, it's clear from the record he wouldn't have pleaded guilty to it. They would have had to take it to trial, have a jury convict him. So, it would not have been part of the count of conviction, that murder, unless they had taken it to a jury. This way allows them an end run around that, to make something part of the conviction, which is quite clear they feel that they might not be able to do otherwise. I suppose you could have asked at a jury charge, Judge, could you give us a special verdict? Because we want our beyond a reasonable doubt standard. This is getting extraneous. My bigger worry, other than a preponderance, because I've seen a lot of cases where you have . . . Recently, it's alien smuggling, where then at sentencing, the court said, and by preponderance, death resulted. So, I just don't see intellectually how this is different than that. My bigger worry is hearsay. Because, am I correct that the logic of the government's position is they could meet this through an agent taking the stand, and just saying, I've investigated and he did it? And, in fact, exactly that happened multiple times in this three-day evidentiary hearing. Case agents testified as to the statements of witnesses. There were several witnesses who had died in the interim, and whose testimony was permitted from recorded interviews that they'd had with police officers. But, if you're in an arena, which by definition, the typical rules in the trial don't apply, we had lots of stuff in the PSR and in other hearings, which the normal rules on hearsay and so forth don't occur. I'm not saying whether that's fair or whether that ought to be, but what's the argument that somehow there's a different set of rules in terms of proving up these things? We see lots of PSRs where the defendant really gets torpedoed by an agent getting up there about hearsay, whether it's relevant conduct. But, if once you say the evidentiary rules don't apply, yes, it is. Maybe that goes to whether it ought to be a higher standard, clear and convincing, preponderance, etc., etc. But, are you arguing that there was an objection that could have been made, should have been sustained on hearsay in this context? There were several objections made to the structure of how this sentencing hearing occurred. I think that your arguments about why the sentencing hearing is different, and, in fact, should and does have different rules than the trial, actually underlines what the injustice here was. I'm not making an argument. I'm just simply saying I hear your argument about hearsay, and I'm just simply trying to stay in the framework. If we're in the non-evidentiary rules applying, how probative is it to complain about the hearsay when, by definition, the hearsay rules don't apply? That may go to how much weight ought to be given to it, and whether, in this context, preponderance really ought to apply when you're talking about murder. But, you know, the rules are there, and as we've adverted about the standard, that's all I'm trying to get to see whether you are arguing that, somehow, the hearsay shouldn't have come in because of the evidentiary rules. Do you follow me? I do. I don't think that you're really arguing that. The basic argument is the injustice. Right. The claim is not to do with whether or not hearsay was permitted at the sentencing hearing. It's about whether or not, as both the government and counsel below describe it, whether or not the sentencing hearing functionally became a murder trial. And at that point, it's quite problematic to have none of the protections generally afforded to a defendant in a murder trial apply at that sentencing. What's your best case that a variance of this amount would be reversible error as unreasonable? I don't have one immediately at my fingertips because we've been unable to identify any case in which the court took a six- or seven-year sentence, and then a murder, which was not an element of the offense, was then used alone to upwardly vary to that extent. All right. Ms. Fergie, you have a red light. Thank you. You've done well. Thank you. You've done well. Handle it well and handle our questions. All right. Thank you. For the government.